```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:14-00034-2

JESSE BURGESS


## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On January 22, 2020, the United States of America appeared by Negar M. Kordestani, Assistant United States Attorney, and the defendant, Jesse Burgess, appeared in person and by his counsel, Gary A. Collias, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer M. Dylan Shaffer. The defendant commenced a twenty-seven (27) month term of supervised release in this action on July 27, 2018, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on February 15, 2018.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed violations of law in that he unlawfully possessed a controlled substance inasmuch as on August 22, 2018, he tested positive for amphetamine and methamphetamine, on August 29, 2018, he admitted to the probation officer his use of heroin and methamphetamine on August 25, 2018, on June 28, 2019, he tested positive for marijuana and on July 11, 2019, admitted his use to the probation officer, on July 19 and August 15, 2019, he tested positive for marijuana, on July 23, 2019, he tested positive for amphetamine and methamphetamine and on August 2, 2019, admitted his use to the probation officer, on August 29, 2019, he tested positive for amphetamine, on September 24, 2019, he tested positive for methamphetamine, on October 23, 2019, he tested positive for marijuana and cocaine, on November 7, 2019, he tested positive for amphetamine and methamphetamine, on November 13, 2019, he admitted to the probation officer his use of methamphetamine, and on December 19, 2019, he tested positive for marijuana and methamphetamine and admitted to the probation

officer his use of marijuana and Subutex; (2) the defendant failed to attend individual outpatient substance abuse counseling for the months of June, July, August, September, October and November 2019, and failed to attend weekly intensive outpatient group substance abuse counseling on 49 dates set forth in the petition and ranging from June 6 through December 12, 2019, and failed to report for drug testing on 13 dates set forth in the petition and ranging from June through October, 2019, at Pyramid Counseling as directed by the probation officer; (3) the defendant failed to submit a monthly report for November 2019 as directed by the probation officer; (4) the defendant failed to make any payment towards his restitution in the amount of $150.00 as previously ordered by this court; and (5) on November 13, 2019, the defendant was instructed by the probation officer to contact Recovery Point and Recovery "U" until he was accepted into one of the programs and failed to call the residential treatment programs as instructed; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of

3

supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SEVEN (7) MONTHS, to be followed by a term of twenty (20) months of supervised release upon the same terms and conditions as heretofore and the special condition that he participate in and successfully complete the residential program at Recovery Point, Recovery "U," or a like program approved by the probation officer for the program period of nine (9) to twelve (12) months of the program where he shall follow the rules and regulations of the facility and participate in drug abuse counseling and treatment as directed by the probation officer, and that he

commence the program by proceeding directly from his place of incarceration to the residential program. The court further re-imposes the defendant's restitution of $150.00.

The court further makes the recommendation to the Bureau of Prisons that the defendant be placed at FCI Beckley or at a location as close to Charleston, West Virginia, as feasible.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: January 23, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge